UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROY PROCTOR**,

    Plaintiff,

    v.                                      **CIVIL NO. 97-148 DJS/LCS**

**CITY OF ALBUQUERQUE,** *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER comes before the Court upon Plaintiff's Second Motion in Limine filed May 4, 1998 (Docket No. 77), Plaintiff's Third Motion in Limine filed May 4, 1998 (Docket No. 73), Plaintiff's Fourth Motion in Limine filed May 4, 1998 (Docket No. 79), Plaintiff's Seventh Motion in Limine filed May 4, 1998 (Docket No. 85), Plaintiff's Eighth Motion in Limine filed May 4, 1998 (Docket No. 87) and Plaintiff's Ninth Motion in Limine filed May 4, 1998 (Docket No. 89).

    This matter is an action brought pursuant to 42 U.S.C. §1983 in which Plaintiff contends that Defendants violated his Fourth and Fourteenth Amendment rights to be free from unlawful seizure and excessive force. Plaintiff also brings claims pursuant to the New Mexico Tort Claims Act for false arrest, false imprisonment, assault, and battery. Plaintiff asserts that on June 9, 1996, he twice called 911 to report an assault occurring in his home. Plaintiff lived in a trailer park at the time and he went to the entrance of the park to await police. When the police arrived, Plaintiff was taken into custody and handcuffed. Plaintiff contends that he was trying to show the officers where the knife wielding assailant had gone. Defendants assert that Plaintiff approached them in a profane and belligerent

1

manner, refused their requests for information, and walked away from them, despite their orders to stop.

Plaintiff claims that the officers assaulted him without justification, breaking his wrist and causing other injuries and then entered and searched his home. Plaintiff contends that the search of his home was without warrant, permission or exigent circumstances. Defendant Olivas asserts that he followed Plaintiff, ordering him to stop, when Plaintiff spun around and appeared to be about to strike him. Defendant Olivas then took Plaintiff to the ground, and, with the assistance of Defendant Wood, handcuffed him and placed him in a patrol car. Defendants claim that they then drove Plaintiff to his trailer and checked the interior of the trailer to see if anyone was injured or required assistance insider. Defendants contend that Plaintiff would not tell them if anyone was hurt or inside the trailer. While in the trailer, the officers unloaded a rifle which was in plain view, leaving the arm in its original location.

### PLAINTIFF'S SECOND MOTION IN LIMINE

By his Second Motion in Limine, Plaintiff seeks to exclude from trial evidence or testimony regarding a University of New Mexico Police Department report dated June 10, 1996. That report has been designated as Defendants' Exhibit F. The report stems from an incident at the University of New Mexico Medical Center which occurred some hours after the encounter between Plaintiff and Defendants. Plaintiff had gone to the hospital seeking treatment for injuries he alleges were sustained in his assault by the Defendant officers. While at the emergency room, Plaintiff was arrested and charged with disorderly conduct. In affecting Plaintiff's arrest, UNM Police Officer Miquel Williams took Plaintiff to the ground and was assisted by three Albuquerque Police Officers in handcuffing Plaintiff.

Plaintiff contends that the report has no relevance to Defendants Olivas and Woods' knowledge or actions at the time of their encounter with him. Plaintiff asserts that, because the report is not relevant, it is inadmissible under Fed.R.Evid. 402. Plaintiff also argues that the report should be excluded pursuant to Fed.R.Evid. 403 because any probative value it might have is outweighed by the unfair prejudice it would cause him and the confusion it would cause the jury.

Plaintiff's motion must be denied. Introduction of the police report will require an adequate evidentiary foundation and authentication. However, testimony and evidence regarding the report or the incident which forms the basis of the report is relevant to the issue of the source of Plaintiff's injuries. Further, the danger of unfair prejudice stemming from evidence or testimony regarding the incident which forms the basis of the report does not outweigh its probative value.

### PLAINTIFF'S THIRD MOTION IN LIMINE

By his Third Motion in Limine, Plaintiff seeks to exclude any evidence or testimony regarding a Farmington, New Mexico, Police Report dated May 6, 1994. That report has been designated as Defendants' Exhibit G. Plaintiff argues that evidence or testimony regarding the report is not relevant to the facts of this case, that the danger of unfair prejudice from such evidence outweighs any probative value it might have, and that the evidence should be excluded pursuant to Fed.R.Evid. 404(b). Plaintiff also contends that evidence regarding the report does not meet the requirements for admissibility contained in Fed.R.Evid. 609.

Plaintiff's motion is well taken and is granted. Evidence regarding incidents which occurred in 1994 are remote in time and are not relevant to any facts in this case. Further, the danger of unfair prejudice from the introduction of evidence regarding Plaintiff's 1994 arrest for a misdemeanor offense outweighs any probative value that evidence might have.

**PLAINTIFF'S FOURTH MOTION IN LIMINE**

Plaintiff's Fourth Motion in Limine seeks to prevent the introduction of any evidence or testimony regarding an unredacted version of a Discharge Summary dated April 14, 1994. That document has been designated as Defendants' Exhibit J. Plaintiff seeks to exclude any mention in the summary of his alcohol use and emotional problems. Plaintiff argues that, because those portions of the summary are not relevant, they are inadmissible under Fed.R.Evid. 402. Plaintiff also argues that the portions of the report related to alcohol use and emotional problems should be excluded pursuant to Fed.R.Evid. 403 because any probative value they might have is outweighed by the unfair prejudice they would cause him and the confusion they would cause the jury. Further, Plaintiff argues that Defendants seek to use the evidence to attack his character or show that he acted in conformity with the behavior detailed therein, which is prohibited by Fed.R.Evid. 404.

Plaintiff's motion is well taken and is granted. No reference to the alcohol use or emotional problems detailed in the April 14, 1994 Discharge Summary will be permitted. Further, if Defendants seek to introduce the Summary at trial, the will redact the fifth sentence of the first paragraph, which begins "He was", the fifth and sixth sentences of the second paragraph, which begin "He was", and that portion of the first sentence of the third paragraph which reads "after his Psychiatrist, Dr. West felt that he was ready for discharge".

**PLAINTIFF'S SEVENTH MOTION IN LIMINE**

By his Seventh Motion in Limine, Plaintiff seeks to exclude any evidence or testimony regarding an Albuquerque Police Department Report dated November 17, 1996. That report has been designated as Defendants' Exhibit E. Plaintiff argues that the report is of no consequence to the determination of what injuries he suffered on June 9, 1996. The report concerns an automobile

accident which Plaintiff was involved in on November 17, 1996. Plaintiff argues that, because the report is not relevant, it is inadmissible under Fed.R.Evid. 402. Plaintiff also argues that the report should be excluded pursuant to Fed.R.Evid. 403 because any probative value it might have is outweighed by the unfair prejudice it would cause him and the confusion it would cause the jury.

Plaintiff's motion is not well taken and must be denied. Defendants must be permitted to distinguish injuries Plaintiff sustained in the November 17, 1996 auto accident from those he alleges stem from the June 9, 1996 incident. Because the report is relevant to the issue of damages, Defendants may present evidence regarding it. Further, there is no danger of unfair prejudice or jury confusion from the report.

### PLAINTIFF'S EIGHTH MOTION IN LIMINE

Plaintiff's Eighth Motion in Limine seeks to exclude any evidence or testimony regarding a Guilty Plea dated June 10, 1996 by which Plaintiff pleaded guilty to disorderly conduct. The document has been designated as Defendant's Exhibit BB.

Plaintiff states that he believes that Defendants will seek to introduce the guilty plea for the purpose of impeachment or as character evidence. He argues that, because the plea relates to the incident at the UNM Hospital which occurred after his encounter with Defendants, it is not relevant to this case. Plaintiff further argues that the danger of unfair prejudice from the introduction of evidence related to the guilty plea outweighs any probative value such evidence might have. In addition, Plaintiff contends that the evidence in inadmissible under Fed.R.Evid. 404 and does not fall within any of the exceptions detailed in Fed.R.Evid. 403(b). Finally, Plaintiff contends that the evidence does not meet the requirements of Fed.R.Evid. 609 for admission for impeachment purpose.

Plaintiff's motion is well taken and is granted.  A guilty plea for the crime of disorderly

conduct is not admissible pursuant to Fed.R.Evid. 609. Further, the fact that Plaintiff plead guilty to disorderly conduct stemming from the events at the UNM Hospital in the early hours of June 10, 1996 is not relevant to the issues of this case.

### PLAINTIFF'S NINTH MOTION IN LIMINE

By his Ninth Motion in Limine, Plaintiff seeks to exclude any evidence or testimony regarding his use of drugs or alcohol prior to June 9, 1996. Plaintiff contends that such evidence is not relevant to this case. Plaintiff further argues that the danger of unfair prejudice from the introduction of evidence of prior drug or alcohol us outweighs any probative value such evidence might have. In addition, Plaintiff contends that the evidence in inadmissible under Fed.R.Evid. 404 and Fed.R.Evid. 608.

Plaintiff's motion is well taken and is granted. The danger of unfair prejudice stemming from evidence of Plaintiff's alcohol or drug use prior to June 9, 1996 substantially outweighs any probative value such evidence might have.

**IT IS THEREFORE ORDERED** that, in accordance with the terms of this order, Plaintiff's Second Motion in Limine is denied, Plaintiff's Third Motion in Limine is granted, Plaintiff's Fourth Motion in Limine is granted, Plaintiff's Seventh Motion in Limine is denied, Plaintiff's Eighth Motion in Limine is granted, and Plaintiff's Ninth Motion in Limine is granted.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**